IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00070-FDW-DSC

| | |
|---|---|
| AMANDA SMITH, **Plaintiff,** v. EQUIFAX INC., **Defendant.** | **ORDER** |

THIS MATTER is before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 3). Because Plaintiff is proceeding *pro se*, the Court issued a Roseboro Notice on March 12, 2021, informing Plaintiff of the burden she carries in responding to Defendant's Motion. (Doc. No. 4). In the Roseboro Notice, the Court allowed Plaintiff additional time, until April 9, 2021, to respond to Defendant's Motion. Id. Plaintiff did not timely file a response to Defendant's Motion, and nearly three months have passed. The case is now dormant, and the Court finds it appropriate to rule on Defendant's Motion. For the reasons stated below, Defendant's Motion, (Doc. No. 3), is GRANTED.

Plaintiff initially filed her Complaint in state court in January 2021, (Doc. No. 1-2), and Defendant timely removed. (Doc. No. 1). Plaintiff alleges Defendant is liable under the Fair Credit Reporting Act ("FCRA") for the negligent deletion of her "entire credit file" as listed on her Equifax account. (Doc. No. 1-2, p. 4). The deletion of her credit lines allegedly prevented Plaintiff from "apply[ing] for a truck refinance or start[ing] the process to buy a home." Id. Plaintiff alleges she is entitled to damages in the amount of $123,783 for the deletion of her credit file. Id.

1

The Court first notes it is unclear under which section of the FCRA Plaintiff is attempting to hold Defendant liable. In reading her Complaint broadly, Plaintiff has only cited one section of the FCRA: "Section 621(a)(2)." (Doc. No. 1-2, p. 4). However, section 621(a)(2) establishes the Federal Trade Commission's right to administrative enforcement of the FRCA. 15 U.S.C. § 1681s. Accordingly, to the extent Plaintiff attempts to allege Defendant violated section 1681s, Plaintiff's claim must be dismissed.

In construing the remainder of the Complaint broadly, the Court assumes Plaintiff is attempting to hold Defendant liable for the mishandling of her credit file under 15 U.S.C. § 1681i. See Channing v. Equifax, Inc., No. 5:11-cv-293-FL, 2013 WL 593942, at *1 (E.D.N.C. Feb. 15, 2013) ("Construing [the complaint] broadly, in keeping with his *pro se* status, he alleges that defendant violated § 611, 15 U.S.C. § 1681i, of the [FCRA] in its handling of his credit file." (emphasis in original)). However, as Defendant argues in its Motion, Defendant is not a "consumer reporting agency" subject to the provisions of § 1681i. Here, as in Channing, "Defendant is not a [consumer reporting agency], but rather is a holding company which does not own, receive, store, maintain, process, or otherwise exercise control over [P]laintiff's consumer credit information." Channing, 2013 WL 593942, at *3; see also Herron v. Entergy Ark. Inc., No. 4:18-cv-00671, 2019 WL 4551624, at *1 (collecting cases and stating "numerous cases have held that, as a matter of law, Equifax is not a consumer reporting agency"). Accordingly, as a matter of law, Plaintiff has not stated a claim against Defendant for violating the FCRA.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss. (Doc. No. 3), is GRANTED. The Court respectfully directs the Clerk of Court to DISMISS and CLOSE this case.

IT IS SO ORDERED.

Signed: July 7, 2021

Frank D. Whitney
United States District Judge